## NATHANIEL P. SMITH *versus* JOHN BRADSTREET, Executor, &c.

Where a will, by which the real estate of the testator was devised, was allowed by the judge of probate, it was *held*, that a creditor of one of the heirs at law of the testator was not entitled, merely as such, to appeal from the decree.

But it is otherwise, if the creditor has attached such real estate, at the time of the decree and appeal claimed, in an action against such heir.

THIS was an appeal from a decree of the judge of probate, passed on the third Tuesday of May, 1833, allowing and approving an instrument as the will of Dudley Bradstreet. The ground of the appeal was, that the testator, at the time of the execution thereof, was not of sound and disposing mind and memory. It appeared, that the real estate of the testator was devised by the instrument in question ; that the appellant was a creditor of one of the heirs of the testator ; and that the appellee was appointed executor by such instrument.

*B. Merrill*, for the appellee, moved to dismiss the appeal, on the ground, that the appellant was not *a party aggrieved* by the decree of the judge of probate, within *St.* 1817, *c.* 190, § 7, and therefore had no right to appeal.

*Choate*, for the appellant, cited *Stebbins* v. *Lathrop*, 4 Pick. 33.

SHAW C. J. delivered the opinion of the Court. The ground upon which the appellant claims to be an aggrieved party, and, as such, to have a right to appeal, is, that he is a creditor of one of the heirs at law of the testator, and that the will devises the testator's land to others, and thus defeats the title of the heir who is his debtor. A preliminary objection is taken to the right of the appellant to interpose this appeal, and the motion is to dismiss it. On this question the Court are of opinion, that the interest of the appellant is too remote and contingent to make him an aggrieved party, within *St.* 1817, *c.* 190, § 7. The decree rejecting or allowing the probate of this will, cannot give or divest any right of property of the appellant. The most that can be said of it is, that the rejection of the will would better enable the heir to pay his debt. But *non constat*, even that this is so ; he may have

more under the will as a devisee, than under an intestacy as an heir. There may be many heirs, and many creditors of each heir ; shall each have a right of appeal ? Such creditor has no vested right, claim, or interest to be established or defeated, by the probate or rejection of the will. *Downing v. Porter*, 9 Mass. R. 386.

The case of *Stebbins* v. *Lathrop*, 4 Pick. 33, is not opposed to this view. There the persons claiming probate of the will were creditors of the testator, as well as of the devisee, and knowing that there was a will, they could not have a general administration, as on an intestate estate ; they had a direct interest therefore in the probate of the will, to obtain administration and payment of their debts.

If the appellant had levied an execution upon real estate, descended to an heir, or perhaps if he had a lien by attachment on real estate so descended, which would be defeated by the probate of a will, it would present the case in a different aspect. In this Commonwealth, probate of a will is conclusive upon a devise of real, as well as upon a bequest of personal property, and establishes title conclusively in the heir or devisee respectively. If that fact were set forth in the appellant's claim, I am not prepared to say that such a creditor would not be an aggrieved party. But nothing more appearing than that the appellant claims as one of the creditors of one of the heirs at law, who himself does not appeal, we are of opinion, that he is not an aggrieved party, within the meaning of the statute, and is not entitled to claim an appeal from this decree.

After this opinion was pronounced, it was stated by the counsel for the appellant, that he believed the appellant had an attachment on the real estate, at the time of the decree and appeal claimed. Subsequently, the petition or claim of appeal was so amended, as to state that fact, and the fact being admitted, the question was again presented to the consideration of the Court.

SHAW C. J. On this view of the case, we think the appellant has a right to appeal. His title depends upon proof of the will. An attachment constitutes a lien, a real interest

Smith
*v.*
Bradstreet.

in the land, which may be followed up to a perfect title. If the will is proved, it defeats this title ; if rejected, it establishes it. The trial of this fact, in the probate court, is conclusive upon this question, and the appellant has no other time, place, or forum to try it in. If this will is established by the decree of the probate court, when, as he offers and professes that he is able to prove, that it is invalid and void, we think he is aggrieved by the decree, and by force of the statute is entitled to prosecute his appeal.

*Motion to dismiss the appeal overruled.*