GERTRUDE T. EDNEY, APPELLEE, V. DANIEL BAUM ET AL., APPELLANTS.

FILED OCTOBER 18, 1899.  No. 10,759.

1. Review: FAILURE TO FILE BRIEF. Where the appellant fails to file a brief in this court, the judgment will be affirmed, when the cause is reached in its order, without an examination of the questions presented by the record.

2. Discharge of Administrator: PARTIES. That one has been sued by an administrator will not authorize such person to resist in the county court an application made therein to vacate an order discharging the administrator.

APPEAL from the district court of Douglas county. Heard below before FAWCETT, J. Appeal of the Baums dismissed. Judgment below affirmed in part.

Burr & Burr and G. W. Covell, for appellants.

R. Cunningham and Lamb & Adams, contra.

NORVAL, J.

Gertrude T. Edney and Patrick Cavanaugh were appointed by the county court of Douglas county, respect-

ively, administratrix with the will annexed and execu-
tor of the estate of James A. Edney, deceased. Subse-
quently, on September 24, 1895, they filed in said court a
motion to be discharged from their trust. On February
29, 1896, the county court entered of record an order dis-
charging the administratrix and executor and revoking
the letter of administration theretofore granted to them.
On April 20, 1895, Gertrude T. Edney, in her individual
capacity, filed a motion to vacate and set aside the said
order of discharge, which motion was not presented to or
acted upon by the county court during the term at which
it was filed and said order was entered. James E. Baum,
David A. Baum and Daniel Baum, against whom in the
district court of Lancaster county a verdict in the sum of
$3,000 had been obtained by the Edney estate, but which
action was subsequently dismissed by the court, were
permitted to intervene, and they, together with the
guardian of the minor children of the decedent, resisted
the application of said Gertrude T. Edney. The county
court overruled said application, holding that it had lost
jurisdiction to grant the relief prayed, since the term of
court had terminated at which the order of discharge was
made. Gertrude T. Edney alone appealed to the district
court, where, upon final hearing, the order discharging
the administratrix and executor was vacated and an-
nulled. The case comes to this court on the appeal of
the guardian and the Baums.

The question argued at length in the briefs is whether
the county court had the jurisdiction or power to set
aside its former order discharging the administratrix and
executor, but in our view we are not now required to con-
sider or pass upon this point, since neither the guardian,
nor any one in his behalf, has filed a brief in the cause,
and the Baums have no right in this proceeding to ques-
tion the correctness of the decision of the district court.
It is the well-settled practice in this court that, when the
appellant fails to file a brief, the judgment sought to be
reversed will be affirmed, without an examination of the

questions presented by the record. The judgment of the district court as to the guardian will be affirmed.

In *Missouri P. R. Co. v. Bradley*, 51 Nebr., 596, it was ruled that the fact that one has been sued by an administrator will not authorize such person to petition a county court for the revocation of the letters of administration. The principle upon which that decision was grounded is decisive of the case at bar. The Baums had been sued by the representatives of the Edney estate, and a verdict returned against the Baums, but the action was dismissed without any judgment having been entered on the verdict. See *Edney v. Baum*, 53 Nebr., 116. They have no such pecuniary interest in the settlement of the Edney estate as to entitle them to review an order of the county court, or that of the district court on appeal, made in the progress of the settlement of the estate. From the opinion filed in *Missouri P. R. Co. v. Bradley*, *supra*, we quote the following: "It is also insisted that because the statute authorizes an appeal in all matters of probate jurisdiction 'from any final order, judgment, or decree of the county court to the district court, by any person * * * who may be affected thereby,' the railroad company had the right to move to vacate the appointment of the administrator. The fallacy of this argument consists in the erroneous assumption that the railroad company was affected by the order granting letters of administration. The right to appeal from the decision of the county court in probate matters is vested alone in persons against whom an order, judgment or decree is made, or who may be thereby affected or aggrieved. One is aggrieved or affected by a decision of such court alone when it operates upon his property or bears directly upon his interests. See 2 Woerner, American Law of Administration, sec. 544; *Deerings v. Adams*, 34 Me., 41; *Bryant v. Allen*, 6 N. H., 116; *Wiggin v. Sweet*, 47 Mass., 195; *Smith v. Bradstreet*, 33 Mass., 264. This railroad company is not affected by the order appointing the administrator, and it had not sufficient interest to move the revocation

of the appointment." Upon principle we are constrained to hold that the Baums had no such interest in the settlement of the estate of Edney as to permit them to intervene in the county court to resist the application of Mrs. Edney to vacate the order discharging the administratrix and executor, and consequently could not appeal from the order of the district court made in premises. If the county court was without jurisdiction to grant the application of Mrs. Edney, the district court acquired none by the appeal, and the order in question made by the last named tribunal would be void, and the Baums could avail themselves of that fact when the estate attempts to take further proceedings in its action against them. The appeal of the Baums is dismissed, and the judgment of the district court as to the guardian is affirmed.

JUDGMENT ACCORDINGLY.