ALBERT SMITH and others, Appellants,

*vs.*

JAMES H. CHANEY and another, Executors.

York.    Opinion November 11, 1899.

*Probate. Appeal. Will. Practice.*

1. Persons named as legatees in a written instrument purporting to be the will of one deceased, though not presented for probate, can appeal from a decree of the judge of probate allowing another instrument of a later date as the will of the deceased.

2. When in such an appeal the appellants have inadvertently described themselves as heirs of the deceased, instead of legatees under a prior will, such misdescription does not bar the appeal and it may be corrected.

AGREED STATEMENT.

By agreement of the parties this case was submitted to the law court upon the following agreed statement of facts:

"Samuel N. Young, the alleged testator, died May 2d, 1898, in Berwick, York county, leaving surviving a son, a brother and Carrie E. Chaney, a niece, one of the residuary legatees under the instrument purporting to be said Young's last will, and the appellants who are nephews and nieces of said Young.

"June 7th, 1895, said Young made what purports to be a will, now in existence, in which the appellants, Albert Smith, and Sarah E. Smith, are residuary devisees and legatees. This will has not yet been offered for probate.

"In 1897 said Young made what also purported to be a will, in

which he made the appellant, Nellie E. Hern, as one of the devisees and legatees. This instrument was destroyed by said Young.

" Upon the above stated facts, and all inferences legitimately to be drawn therefrom, the court is to dismiss said appeal, or send back for trial, as the law and justice may require."

*G. C. Yeaton and W. D. Hill,* for appellants.

If an amendment be necessary, R. S., c. 82, § 10, provides that " no process shall be abated, quashed or reversed for want of form only . . . . when the person and case can be rightly understood." Vide *Waterman* v. *Dockray,* 79 Maine, 149. But appellees claim that no amendment can be allowed as this is another court and we are asking to amend process which is not in this court. Not so, for two reasons. (1) By R. S., c. 63, § 23, this court is the supreme court of probate. (2) We do not ask to amend any paper or proceeding in the lower court. We are here to redescribe the interest of the petitioner.

If it be claimed that petitioners have no such interest as will enable them to prosecute the appeal, then, of course, the test must be whether we are, in the language of R. S., c. 63, § 23, " aggrieved." What this means in this state has often been considered in the court in various cases, from *Deering* v. *Adams,* 34 Maine, 41, and *Paine* v. *Goodwin,* 56 Maine, 411, to *Shaw et als. Appellants,* 81 Maine, 207, and *Blastow* v. *Hardy,* 83 Maine, 28, and held to mean " one whose rights of property are operated upon or his ' interest' directly affected thereby." As to the interest necessary to enable a party to appeal, vide *Lawless* v. *Reagan,* 128 Mass. 592, and citations in *Pattee* v. *Stetson,* 170 Mass. 93, 95.

In *Lamson* v. *Knowles,* 170 Mass. 295, the interest of a guardian ad litem of a possible lineal next of kin was held sufficient.

*Paine* v. *Goodwin,* 56 Maine, 411, is not dissimilar to the case now at bar. In Massachusetts, in *Farrar* v. *Parker,* 3 Allen, 556, 559, the true test is said to be put by the court in *Lewis* v. *Bolitho,* 6 Gray, 137, thus: " Did the decree of the probate court conclude or in any way affect the right of the appellant?" For other citations vide Wilson's Maine Probate Law, p. 391, note 39.

We having an interest as legatees under a former will, find no law or practice directing that this interest shall be made manifest to the court by any one method of procedure. While the practice may not be on the whole objectionable to offer two instruments for probate purporting each to be the last will and testament of deceased, and carry them through the courts pari passu, we know of no reason or authority why this should exclude any other practice in many particulars much less cumbersome.

In *Hall* v. *Hall*, 17 Pick. 373, 378, a devisee under a former will not offered for probate was held to be interested to the extent of disqualifying him as a witness.

*J. A. Edgerly, W. S. Mathews and G. F. Haley*, for executors.

First duty of appellants is to establish their right to appeal, and unless this is made affirmatively to appear, the appeal should be dismissed without further examination. *Pettingill* v. *Pettingill*, 60 Maine, 419; *Briard* v. *Goodale*, 86 Maine, 101; *Deering* v. *Adams*, 34 Maine, 41; *Gray* v. *Gardner*, 81 Maine, 558; *Milliken* v. *Morey*, 85 Maine, 342.

Reasons of appeal, which are founded on an allegation of fact that does not appear upon the record, and of which no proof has been offered, cannot be maintained. *Moody* v. *Hutchinson*, 44 Maine, 63; *Lamb* v. *Lamb*, 11 Pick. 374.

Every appellant from a decree of a judge of probate must, as a preliminary proceeding, establish his interest in the subject matter from which he claims an appeal; and this is as essential to his standing in court as it is to show that he has duly claimed an appeal, and filed his bond and reasons thereupon according to law.

The right of appeal is conditional, and the appeal can be prosecuted only upon complying with the requisites of the statutes relating to appeals. *Veazie Bank* v. *Young*, 53 Maine, 560; *Bartlett, Appellant*, 82 Maine, 210; *Eddy's Case*, 6 Cush. 28; *Palmer* v. *Dayton*, 4 Cush. 270; *Clark* v. *R. R.*, 81 Maine, 477.

The legislature has declared upon what conditions a party claiming an appeal shall have a right to prosecute it. It is a statutory right, and the terms of the statute must be complied with before a

party appealing can proceed in the prosecution of his appeal. *Nowell* v. *Nowell*, 8 Maine, 220.

The appellant must be aggrieved by the decree from which he appeals. "In legal acceptation, a party is aggrieved by such a decree only when it operates on his property or bears upon his interest directly." *Deering* v. *Adams*, 34 Maine, 44.

The agreed statement shows that the testator left a son surviving him, consequently these appellants, who were only nephews and nieces of the testator, were not heirs at law, or interested in the estate as they alleged; and their appeal should be dismissed.

The case shows that Young made a will in 1897, which, of course, revoked the will of 1895, and that he subsequently destroyed this will, and there is nothing here to show that at the time he destroyed this will he intended to revive the earlier will, and in the absence of such evidence the destruction and consequent revocation of the will of 1897 operated to revoke the will of 1895 at the same time; and therefore no will was in existence, except the one appealed from, at the time of Young's death, and consequently none but heirs at law could be interested in said estate so as to take an appeal from the probate of this will.

If a will, which was duly executed, and which contained a clause expressly revoking former wills, is cancelled, it is a question of intention, to be collected from all the circumstances of the case, whether an earlier will, which has not been destroyed, is revived by such cancellation; and in the absence of affirmative evidence that the testator intended to revive the earlier will by the cancellation of the second, the earlier will will be held not to be revived. *Pickens* v. *Davis*, 134 Mass. 252; *Williams* v. *Williams*, 142 Mass. 515; R. S., c. 74, § 3.

SITTING: EMERY, HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

EMERY, J. Samuel N. Young died May 2, 1898, leaving in existence behind him two instruments in writing, each purporting to be duly executed by him as his last will and testament. In the

earlier instrument dated June 7, 1895, the appellants Albert Smith and Sarah E. Smith were named as residuary legatees. This instrument has not yet been presented for probate. The later instrument dated March 27, 1898, was presented for probate and was allowed as the last will of the deceased by probate decree in August 1898. Albert and Sarah E. Smith claimed an appeal, which appeal the executors under the later instrument asked to have dismissed.

I. The first question is whether the two Smiths, named as residuary legatees in the earlier instrument purporting to be a will, can appeal from the decree establishing the later instrument as the operative will. They can if they would be concluded by that decree, (if allowed to stand), from maintaining any claim of their own to rights or interests in the property of the deceased. The earlier instrument purported to give them rights and interests in the property which would become vested upon the allowance of that instrument as an operative will. If the decree in question had been against the later instrument, then the appellants could have presented the earlier instrument under which they claim and must have been heard as to its validity as the operative will. The decree as passed, however, by establishing the later instrument as the operative will, also establishes that the earlier instrument is without force or effect. So long as the decree stands, it is a bar against all proceedings to establish the earlier instrument as the operative will and the appellants, claiming under this earlier instrument, cannot be heard in its support. They are therefore " aggrieved." They are entitled to be heard in opposition to a decree that strikes down their written instrument of title which purports upon its face to be valid.

It is urged that the appellants cannot be heard to oppose the later instrument until they have presented the earlier instrument for probate, since non constat they would ever present it. It would be futile, however, to begin proceedings for the establishment of the earlier instrument until the validity of the later instrument was determined. If such proceedings were begun and the earlier

instrument established, the proceedings and decree might all be nullified by subsequent proceedings and decree establishing the later instrument. The natural and proper procedure would be to consider, first, the later instrument and only in case that is rejected, to consider, next, the earlier instrument. Parties claiming under the instrument to be last considered, if at all, are entitled to be heard against the instrument to be first considered, since only in case that instrument is rejected, can they bring forward their own with any permanent effect.

The question here determined was considered by the Connecticut court in *Buckingham's Appeal*, 57 Conn. 544, with the same result. In *Hall* v. *Hall*, 17 Pick. 373, it was held that a person named as legatee in a prior will not presented for probate had such an interest that he was disqualified from testifying in the hearing upon the probate of a later will.

II. In claiming an appeal, however, these appellants described themselves as heirs at law of the testator, while in fact they were not heirs, but their interest was solely under the earlier instrument as stated. They have asked leave to amend their statement of their interest accordingly. The appellees insist that their statement in that respect cannot be amended,—that they must stand or fall by it,—and if they have stated their interest incorrectly, however inadvertently, they must be dismissed without being heard, although in fact they may have sufficient interest in the matter. It may be that the "reasons of appeal" filed in the probate court below should be adhered to in this court without enlargement or change, so far as they are statements of the questions raised and the errors made in the court below. The errors of the court are the real reasons of appeal, and the appellee may perhaps insist that the appellant shall be confined to such errors as he has stated. But a mere description of the appellant's status or interest does not state an error of the court, nor a reason of appeal. While one cannot appeal without having an interest, he does not appeal because of that interest, but because of the errors of the court injuriously affecting that interest. We do not think a misdescrip-

tion of his interest, made perhaps inadvertently in his claim of appeal, shuts him out from alleging and showing in the appellate court, his true interest. In *Smith* v. *Bradstreet*, 16 Pick. 264, after an appeal had been dismissed for want of sufficient interest alleged, the appellant was allowed to amend his claim of appeal by stating other facts showing an interest and thereupon the court sustained the appeal. In *Danby* v. *Dawes*, 81 Maine, 30, it was contended that the original petition did not contain allegations of certain essential jurisdictional facts. The appellate court, however, found the essential facts to exist though not alleged in the petition and held that such findings would be as much a part of the record as the petition would be. The decree in favor of the petitioner was affirmed. In this case the appellants can file in the appellate court new and amended statement of their interest which, if found to be true by the appellate court, will become a part of the record, so far as necessary.

*Motion to dismiss denied. Case to stand for trial.*