Case 34.—PROCEEDINGS TO PROBATE THE WILL OF L. M.
PAINE, DEC'D. APPEALED BY DANIEL BROOKS AND
OTHERS, CREDITORS OF HEIRS OF DECEASED, FROM
THE JEFFERSON COUNTY COURT TO THE JEFFERSON
CIRCUIT COURT.—June 13.

| 123 | 271 |
| f130 | 448 |

## Brooks &c. v. Paines Exr,. &c.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, 3d Division.)

MATT O'DOHERTY, Judge.

From a judgment sustaining a demurrer to the
statement of the creditors they appeal. Reversed.

1. Wills—Probate—Parties Entitled to Appeal—Ky. St. 1903, sec.
4849, gives the county court of the county of decedent's resi-
dence original jurisdiction to probate his will. Section 4852
declares the probate of a will before the county court conclu-
sive, except as to the jurisdiction of the court, until super-
seded, reversed, or annulled. Section 4857 authorizes the
court to permit a document to be proven ex parte or to cause
all parties in interest to be brought before the court. Section
4859 authorizes any person interested in the probate of a will
to prosecute an appeal to the circuit court. Held, that gen-
eral creditors of an insolvent heir of a decedent, who claim
that a purported will disinheriting their debtor is spurious and
fraudulent as to them, may appeal from an order probating
the will, where their debtor himself fails to prosecute such
an appeal.

O'NEAL & O'NEAL and D. M. RODMAN for appellants; BAT-
SON & CARY of counsel.

### POINTS AND AUTHORITIES.

1. Statutes involved. (Sections 1907, 4832, 4850, 4856, 4861 Ken-
tucky Statutes; General Statutes, secs. 27, 37, ch. 113, Ed. 1881;
Stanton's Code, sec. 519; Rev. Stat., sec. 38, ch. 106; 2 Morehead
& Brown, p. 1543.)

2. A creditor of an insolvent heir of the testator is a proper
party to contest the probate of the will. (Davies v. Leete, 111
Ky., 666, and cases cited.)

3. Any creditor whose debt existed at the time of probate, who subsequently· gets judgment and levies his execution, has such an interest as entitled him to contest the probate of a revoked will. (Smith v. Pickwick, 16 Pick Mass., 264; Ed Languevin's Will, 45 Minn., 428; Watson v. Alderson, 146 Mo., 333; S. C. 69 Am. St. Rep., 615; Mower v. Verplancke, 105 Mich., 398.)

4. Legal insolvency is established in Kentucky by judgment and return of no property. (Napper v. Yeager, 79 Ky., 241; 80 Ky., 600; See notes to sec. 1907 Ky Stat.; Morehead's Practice, p. 707, and cases cited there; Freeman on Executions, 3 vol., sec. 428-230.)

BATSON & CARY for appellant, Dan Brooks.

By securing a judgment against an insolvent heir and levying execution, after probate of the ancestor's alleged will, upon the property sought to be devised, does a creditor of such heir, who ·by reason of the will takes less than he would under the statutes of descent and distribution, thereby become a person so "interested" under the statute of·wills as to be permitted to contest the ancestor's will because it was revoked by marriage after its execution?

### AUTHORITIES CITED.

Watson v. Alderson, 146 Mo., 333; Luther v. Luther, 122 Ill., 558; Richardson v. Green, 9 C. C. A., 565; Pettit v. Block, 13 Neb., 142; Spiegelholster's will, 39 atl., 464; McCay v. Clayton, 119 Pa., 133; Lamb's Estate v. Hall, 122 Mich., 269.)

BURWELL K. MARSHALL for appellee, Louisville Trust Co., Ex'r of L. M. Paine, Dec'd.

### POINTS AND AUTHORITIES.

1. Appellants are estopped from appealing from the order probating the will of L. M. Paine because they took under the will.

2. Creditors of an heir have no right to appeal from order of County Court probating a will but only heirs or such as would inherit have the right to prosecute an appeal from an order of probate. Tinker v. Ringo, 11 Kentucky Law Reporter, 120; Page on Wills, sec. 325, page 389; Lockhard v. Stephenson, 120 Alabama, 641; Shepherd Est., 170 Pa. St., 323; Cochran v. Young, 104 Pa. St., 333; re Brown, 47 Hun., 360.)

3. Daviess v. Leete, 111 Kentucky, page 666, has no bearing on this case.

SAMUEL AVRITT, atty. for appellees, F. S. Paine and wife and others.

AUTHORITIES CITED.

Kentucky Statutes, secs. 4857, 4858, 4859, 4850; Tinker v. Ringo's Executors, 11th Kentucky, 120; L. & N. R. R. Co. v. Sanders' Admr., 19th Kentucky, 1943; Biggerstaff's Exrs. v. Biggerstaff's Admr., 15th Kentucky, 725; American & English Encyclopedia of Law, 2nd addition, vol. 23, page 138; Matter of Peaslee, 73 Hun. (N. Y.), 113; Matter of Bradley, 70 Hun. (N. Y.), 104; Matter of Ruffaner (Surrogate Ct.), 25 Civ. Pro. (N. Y.), 158; Misc. (N. Y.), 654; Wynne v. Spiers, 7 Hump. (Tenn.), 407; Lockhard v. Stephenson, 120 Ala., 641; re Shephard's Estate, 170 Pa., 323; Cochran v. Young, 104 Pa., 333; re Brown, 47 Hun., 360; Underwood v. Ogden, 6 B. M., 606.

OPINION OF THE COURT BY JUDGE O'REAR.—Reversing.

L. M. Paine died a resident of Jefferson county. A paper purporting to be his last will was probated upon ex-parte proceedings in the county court. It gave the bulk of his estate to his grandchildren, giving only the use of a portion for life to certain of his sons, the parents of the grandchildren alluded to. These sons were heavily indebted. Their creditors sued, and some of them reduced their claims to judgment, execution upon which was levied upon the sons' interest in their deceased father's estate. The children of the decedent failed to prosecute an appeal from the order of the county court probating the will. The creditors of the disinherited sons have filed a statement of appeal in the Jefferson circuit court, setting out their interest in the probate, charging that their debtors are insolvent and refuse to prosecute the appeal, and asking to be allowed to prosecute it. They allege that the paper probated as the will of L. M. Paine was not in fact his will; that he had revoked it before his death. The question for decision is, can a creditor of an insolvent heir at law contest a will which disinherits or diminishes the interest of such heir in his ancestor's estate?

The probate of a will by a court of competent jurisdiction is conclusive against the world, as a proceeding in rem, till reversed or vacated in a direct proceeding allowed for the purpose. Davies v. Leete, 11 Ky. 666, 23 Ky. L. R., 899; 64 S. W. 441; section 4852, Ky. St. 1903. If, then, a paper purporting to be the will of a putative testator disposes of his property differently from the manner of the statute of descents, his heirs at law by their acquiescence might defeat the right of their creditors to have satisfaction of their debts out of their debtor's property; for, in truth, the paper may not be the will of the decedent, and it may be a fabricated instrument gotten up for the very purpose of cheating the heir's creditors. Unless creditors of such heir might somewhere, at some time, come into the probate proceedings and show cause against them, it would be in the power of such heirs to defraud their creditors without there being a remedy in law. On the other hand, it is urged that the creditors of a man have no legal estate or interest in his property, and cannot rightfully interfere without his consent to defend or prosecute lawsuits affecting his property rights, merely because they may believe it to be to their interest to do so. While every person may dispose of his own property as he pleases, the right is not unqualified. His creditors are regarded in law as having ultimate rights that the owner of the property cannot ignore altogether. He cannot give away his property, or abandon it, to the hurt of his creditors. Nor can he sell it, even for full consideration, in fraud of his creditors' rights to subject it to their debts, provided the purchaser knows of such fraudulent purpose. Judgment of most solemn form, and rendered by tribunals of greatest dignity and authority, yield to the rights of creditors, where the debtor has consented to such judgments with intent to defraud his creditors. The whole trend of the law on this subject is to reach beyond

the formal surface of things, and get at the right of them, by allowing the creditor of an insolvent or fraudulent debtor to recover the latter's property from those not entitled to it, so that it may be applied to the payment of his debts, as it ought to be, upon the principle that one must be just before being generous.

It is also contended that a man should be allowed to do as he pleases with his own property, by disposing of it by will to whomsoever he chooses; that he may cut off his insolvent sons, and leave his estate to their children, or even to strangers, if he wishes. Granted. But this proceeding does not question the right of a man to make such will as he pleases. It denies the right of the man's heirs at law to make for him a will which in law he has not made. It denies the right of the heirs to settle their own property, cast upon them by the laws of descent, upon their children, to the detriment of their creditors, by a proceeding which proposes to have a false document adjudged to be a true one. These general principles we believe to be sound in morals. In construing the statutes to which the practice in question is to be applied, that construction will be preferred, where permissible, that subserves the right, instead of one that would favor a wrong. By statute (section 4849, Ky. St. 1903) the county court of the county of decedent's residence at his death has original jurisdiction to probate his will. The court may proceed by allowing the document to be proven ex-parte, or may cause all parties in interest in the probate to be brought before the court. Section 4857, Ky. St. 1903. Within five years any person interested in the probate may prosecute an appeal to the circuit court of the county, where the trial is to be anew. Sec. 4859, Ky. St. 1903. Probate proceedings have nothing to do with the construction or enforcement of wills. They merely determine whether there is a lawful will.

Heirs at law are necessary parties on the appeal, because presumptively they take the estate by virtue of the statute, if the decedent died intestate; that is, without a legal will. They are then "interested in the probate," in that they are interested in the will's not being probated, if it diminishes their inheritable share of the estate. If, after the death of the property owner, his heir at law became a bankrupt, a proceeding to probate a paper as the will of decedent, changing the devolution of the property, would most materially interest the heir's creditors. By operation of law an estate was presumptively cast upon him. By operation of another law his creditors have the right, through a trustee to be selected by them and who represents them, to pursue the assets belonging or that should come to the bankrupt. In that case the trustee in bankruptcy would be a "party interested in the probate." Not that he would have a personal interest at all, but the creditors of the heir whom he represented, would have such interest. One to whom the heir at law has sold the estate descended has an "interest in the probate" of a will making a different distribution of the property; for it is not merely persons who have a legal interest in the estate of the decedent, but those who have a legal interest to be affected by the probate of his will, that are let in to contest the probate. Where an interest would descend to an heir at law, but for a valid will making a different disposition, such heir undoubtedly is interested in the proceedings to probate such will. If he has sold and conveyed his title, his vendee then has the same "interest"that he had in the probate proceedings. Davies v. Leete, supra. If the heir's creditor obtains a valid lien on the heir's interest by levy of an execution or attachment, he stands in the same relation of interest as if the heir had voluntarily created the lien in his favor by mortgage or otherwise. Watson v. Alderson, 146 Mo. 333, 48 S. W. 478,

69 Am. St. Rep. 615; Smith v. Bradstreet, 16 Pick. 264. Following up the same thought, if the heir connives with others, or by his own act alone has a spurious will presented for probate, or acquiesces in the probating of such, whereby a fraud would be worked upon his creditors, as in the case at bar if the allegations of the statement are true, his creditors, even though their claims are not reduced to judgment, ought to be allowed to contest the probating at their own cost; for, if the heir is insolvent, and is attempting to have or suffer his property disposed of to his children or others, so that his creditors will be defeated, it is a fraud upon the creditors which they are entitled to resist in the only forum and proceeding where resistance would avail them any good. They are "interested in the probate," in the language of the statute.

The judgment of the circuit court sustaining the special and general demurrers to the statement is reversed, and cause remanded, with directions to overrule the demurrers, and for further proceedings not inconsistent herewith.

Petition for rehearing by appellees overruled.