IN RE WILL OF J. ALEXANDER THOMPSON.

(Filed 26 November, 1919.)

**Wills—Caveat—Purchasers from Heirs.**

The purchasers of land from the heirs of the deceased owner "are interested in the estate" within the intent and meaning of Rev., 3135, and thereunder, and under the rule of justice, reason, and authority, are entitled to caveat a will brought forward many years thereafter, and admitted to probate in common form.

APPEAL by respondents from *Adams, J.,* at the Fall Term, 1919, of MECKLENBURG.

This is a proceeding to caveat a will.

J. Alexander Thompson was formerly the owner of the land, purporting to be devised by said will, a part of which, claimed by the caveators, is located in Union County.

The said Thompson died in Mecklenburg County in 1836, and as caveators allege, without leaving a will, and thereafter the caveators bought the land in Union County from his heirs.

In 1912, seventy-five years after the death of J. Alexander Thompson, a paper-writing purporting to be his will, was produced and was probated in common form in Mecklenburg County.

The purchasers from the heirs now file their caveat to the will, and the propounders demur to the petition filed with the formal caveat, stating the facts as above, upon the ground that purchasers have no right to file a caveat. The demurrer was overruled and the propounders excepted and appealed.

*D. E. Henderson, E. R. Preston, and G. A. Smith for propounders.*
*Cansler & Cansler and R. B. Redwine for caveators.*

ALLEN, J. After the paper-writing, purporting to be the will of Thompson, was probated in common form in Mecklenburg County, the purchasers from the heirs of Thompson, now the caveators, commenced an action in Union County against those named as devisees in said paper, now the propounders, in which they alleged that the said Thompson did not leave a will, and asked that said paper and the probate thereof be set aside as a cloud on their title. The defendants filed a demurrer to the complaint, and it was held in this Court, upon appeal from a judgment overruling the demurrer, that the action could not be maintained, and the paper-writing and probate could not be attacked except by direct proceeding in Mecklenburg. *Starnes v. Thompson,* 173 N. C., 467.

The purchasers then go to Mecklenburg and file this their caveat, and are met by the objection that they have no standing in court, because they have acquired their title since the death of Thompson, by purchase from the heir, and if this position of the propounders is sustained, they would have the advantage of trying the title to the land in Union County, relying upon the will, which may be a forgery, without giving any opportunity to the purchasers in that action or elsewhere, to contest its validity.

We cannot think the law would be thus untrue to itself, by making fraud possible and encouraging it, with no right to challenge the conduct of the wrongdoer, but the correct settlement of the question depends on the construction of the statute (Rev., 3135), which gives the right to file a caveat to "any person entitled under such will or interested in the estate."

The caveators are not entitled under the will. Are they "interested in the estate"?

They were interested when they bought because there was then no will, and their land might be subjected to the payment of debts; they bought from heirs, who were interested parties, and if the heirs could file a caveat, why not their assignees?

In re Thompson.

The question does not seem to have been definitely settled in this State, but the principle under which the caveators claim the right is affirmed in *Armstrong v. Baker,* 31 N. C., 114, where the Court says: "For the right to interfere in a question of probate belongs to a party in interest, which must mean some person whose rights will be affected by the probate of the instrument to the prejudice of the party."

The same general rule seems to prevail in other States, and in at least one, Kentucky, the question presented here is decided in favor of the caveators.

"The statute, in authorizing a person 'who is otherwise interested in sustaining or defeating the will' to appear and, at his election, to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient, but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject." *In re Will of Jane Davis,* 182 N. Y., 472.

"Page on Wills, sec. 325, construes the words 'any person interested' to mean 'a person who would take more if the will were denied probate than if it were submitted to probate,' and also that 'one who is not benefited by having the will set aside' cannot contest the will.

"*In the matter of Davis,* 182 N. Y., 468, the Court defines the statutory expression, 'any person who is otherwise interested in sustaining or defeating the will,' as meaning 'a person who has a pecuniary interest to protect. . . . An interest resting on sentiment or sympathy, or any basis other than the gain or loss of money or its equivalent, is not sufficient.' To the same effect are *McDonald v. White,* 130 Ill., 493, and *Shepard's appeal,* 170 Pa. St., 323." *State ex rel. v. McQuillin,* 246 Mo., 692.

"One to whom the heir at law has sold the estate descended has an 'interest in the probate' of a will making a different distribution of the property; for it is not merely persons who have a legal interest in the estate of the decedent, but those who have a legal interest to be affected by the probate of his will, that are let in to contest the probate. Where an interest would descend to an heir at law, but for a valid will making a different disposition, such heir undoubtedly is interested in the proceedings to probate such will. If he has sold and conveyed his title, his vendee then has the same 'interest' that he had in the probate proceedings. *Davies v. Leete, supra.* If the heir's creditor obtain a valid lien on the heir's interest by levy of an execution or attachment, he stands in

the same relation of interest as if the heir had voluntarily created the lien in his favor by mortgage or otherwise. *Watson v. Alderson,* 146 Mo., 333; 48 S. W., 478." *Brooks v. Paine's Exr., etc.,* 123 Ky., 276.

"The rights of a purchaser from an heir of a testator to resist the probating of his will has been conclusively settled by this Court. See the case of *Brooks v. Paine's Exr.,* 123 Ky., 271; 90 S. W., 600; 29 Ky. Law Rep., 699; *Davies v. Leete,* 111 Ky., 659; 64 S. W., 441; 23 Ky. Law Rep., 899, and the cases there cited. · In the *Davies-Leete case,* this Court, discussing this question, said: 'The statutes use the words "persons interested" (secs. 4856, 4861, Ky. Stats., 1903) in defining who are proper or necessary parties to probate proceedings. We are of opinion that any person who claims title under any one an heir at law of the testator, as well, perhaps, as any creditor of such heir at law, if the heir be insolvent, may become a party to such proceedings under the above clause. This would not, of course, admit a stranger to testator's title, or one claiming under title hostile to his, to contest the will, in order that he might destroy a link in his adversary's chain of title (*Johnson v. Bard* (Ky.), 54 S. W., 721; 31 Ky. Law Rep., 999); nor could it admit any relation not an heir at law or such creditor.' "· *Foster, etc., v. Jorden, etc.,* 130 Ky., 448.

It is also held, in *Bloor v. Platt,* 78 Ohio·St., 49, and in 33 Mass., 265, that a creditor of the heir, who has acquired a lien, may caveat the will, the Court saying in the *Ohio case:*

"Construing all these enactments together, it seems clear to us that the expressions, 'any person interested,' 'a person interested in a will or codicil,' and 'other interested persons' are equivalent and may include persons other than the devisees, legatees, heirs, executors, and administrators of the testator. Any person who has such a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' In this case the plaintiff had obtained a valid lien by levy on the property of the heir, at a time when the testatrix was supposed to have died intestate. There can be no doubt that such lien will prevail if this alleged lost will is set aside and found not to be the last will and testament of Charlotte Spice; and it is equally clear that if the probate of the will shall stand ·the plaintiff's lien will be defeated. The conclusion necessarily follows, that the plaintiff is a person interested, and therefore has legal capacity to prosecute this action."

We are, therefore, of opinion that whether guided by ·the rule of justice, reason, or authority, which are· not always in harmony, the caveators should be allowed to contest the will as they are endeavoring to do.

Affirmed.