IN THE MATTER OF THE WILL OF LEE D. BELVIN, DECEASED.

(Filed 31 January 1964.)

**1. Wills § 15—**

Beneficiaries under a prior paper writing are persons interested within the purview of G.S. 31-32 and are entitled to file a caveat to a subsequent instrument probated in common form, notwithstanding they are not heirs of the deceased and are not named as beneficiaries in the writing they seek to nullify.

**2. Wills § 8—**

Notwithstanding original jurisdiction to probate a will is vested in the clerk, parties who file a caveat to a paper writing probated in common form and also advise the clerk they wish to probate a prior instrument executed by testator, furnish the clerk a copy thereof, and ask that all interested parties be given notice, seek to probate the prior instrument in solemn form, and the Superior Court acquires jurisdiction. G.S. 31-33.

APPEAL by caveators from *Sink, E. J.*, September 9, 1963 Civil Session of DURHAM.

Lee D. Belvin (deceased), a resident of Durham, died 5 February 1963. On 13 February 1963 Mary D. Belvin, widow, offered for probate in common form as deceased's will a paper writing dated 1 August 1962. The clerk adjudged the writing to be the will of deceased. The widow is named as executrix. She is given all the property of the deceased except $500 given his daughter, Katherine.

On 3 July 1963 nephews and nieces of deceased filed a caveat. They alleged: (1) Deceased's signature to the writing dated 1 August 1962 was obtained by undue influence; and (2) deceased was, on 1 August 1962, without sufficient mental capacity to execute a will.

To support their right to caveat the instrument which had been admitted to probate, they alleged deceased had, in May 1939, executed a writing as his will which was entitled to probate as such. Copy of that writing was attached to their caveat. The writing claimed by caveators to be the will of deceased gives designated tangible personal property to the widow and the residue of his estate to Durham Bank & Trust Co. as trustee. The trustee is directed to pay the income to the widow "until such

time as she shall remarry or die." Upon the termination of the widow's right to the income, the trustee is required to pay the income to deceased's daughter "in such amounts and at such times as it shall consider to be for her best interests"; upon the termination of the rights of the widow and daughter, the estate is given "in equal shares in and among my brothers and sisters (naming them); the share of any then deceased to pass to his or her then living issue and issue of deceased issue in equal shares per stirpes."

The widow and daughter denied the allegations of undue influence and lack of mental capacity. Additionally they alleged caveators were not in the class permitted to file a caveat, because if the writing of 1 August 1962 was not in fact deceased's will, the estate would not pass to caveators but to the widow and daughter under the statutes relating to descent.

They challenge by demurrer caveators' right to have the writing of 1939 probated in the Superior Court.

Judge Sink dismissed the proceeding, holding caveators had no right to contest the validity of the writing dated in 1962, and the Superior Court did not have jurisdiction to probate the writing of May 1939.

*Charles B. Nye and Winders & Mitchell by R. Roy Mitchell, Jr., for caveator appellants.*

*Everett, Everett & Everett by Katherine R. Everett, Hofler, Mount & White by L. H. Mount, and McLendon, Brim, Holderness & Brooks by L. P. McLendon, Sr., for respondent appellees.*

RODMAN, J. The right to contest the validity of a writing offered for probate or probated in common form is by statute, G.S. 31-32, limited to "any person entitled under such will, or interested in the estate."

Appellees maintain this language excludes all who would benefit by a prior testamentary disposition unless they were (1) heirs of the deceased, or (2) named as beneficiaries in the writing they seek to nullify. The court accepted appellees' interpretation of the statute. This, we think, unduly restricts the phrase "interested in the estate." If caveators can establish their allegations of undue influence and lack of mental capacity, the writing which has been probated in common form is not the will of deceased, but proof of that fact alone does not establish their right to take a part of the estate. To establish their interest in the estate they allege they are beneficiaries under the will of deceased made at a time when he possessed mental capacity. If the facts be as caveators allege, they are interested in the estate of Lee D. Belvin. *In re Thompson,* 178 N.C. 540, 101 S.E. 107; *Parsons v. Leak,* 204 N.C. 86, 167 S.E. 563; *In re*

*Arbuckle's Estate (Cal.)*, 220 P. 2d 950; *Challiner v. Smith*, (Ill.), 71 N.E. 2d 324; *In re Ash's Estate* (Pa.) 41 A. 2d 620; *Werner v. Frederick* (D.C.) 94 F. 2d 627; *Re Plaut*, 164 P. 2d 765, 162 A.L.R. 837; *In re Parker's Estate* (Mich.), 255 N.W. 318; *Kennedy v. Walcott* (Ohio) 161 N.E. 336; *Ruth v. Krone* (Cal.) 103 P. 960; *Smith v. Chaney* (Me.) 44 A. 897; Annotations 88 A.L.R. 1158 *et seq.;* 57 Am. Jur. 552; 95 C.J.S. 176.

The court not only held caveators did not have such interest in the estate as permitted them to test the validity of the writing dated in 1962, but assigned as an additional reason for dismissing the proceeding the fact that the Superior Court did not have original jurisdiction to probate a will.

Caveators do not controvert the court's statement that original jurisdiction of proceedings to probate a will is vested in the clerk. G.S. 28-1. Their position is they complied with the requirement of the statute. They not only informed the clerk they wanted to probate as Mr. Belvin's will a paper writing dated in 1939, but furnished the clerk with a copy of that will. They ask that all interested parties be given notice. They ask that that paper be adjudged a will. Hence what they sought was to have that instrument probated in solemn form.

Prior to the adoption of the present Constitution, the courts of pleas and quarter sessions were given original jurisdiction of probate proceedings. R.C., c. 119, s. 13. When a caveat was filed, that court submitted the necessary issues to a jury. R. C., c. 119, s. 15. Now, when a caveat is filed and bond given, the clerk does not take testimony. He submits no issue to the jury, but immediately transfers the cause to the Superior Court in term. G.S. 31-33. The Superior Court submits to a jury issues necessary to determine the validity of the instrument asserted to be the will of deceased.

The court erred in concluding the Superior Court did not have jurisdiction to determine the question transmitted to that court by the clerk as he was required to do by G.S. 31-33. *In re Will of Wood*, 240 N.C. 134, 81 S.E. 2d 127; *Morris v. Morris*, 245 N.C. 30, 95 S.E. 2d 110; *In re Will of Marks*, 259 N.C. 326, 130 S.E. 2d 673; *Lillard v. Tolliver*, 285 S.W. 576; *Re Kalskop's*, 281 N.W. 646, 119 A.L.R. 1094.

Reversed.