IN RE WILL OF BURTON.

IN THE MATTER OF THE WILL OF BLANCHE C. BURTON, DECEASED.

(Filed 6 July, 1966.)

**1. Wills § 25—**

A decree in a caveat proceeding may be set aside upon the same grounds and under the same procedure as those applicable to judgments generally except insofar as otherwise provided by statute or precluded by the nature of the proceeding, and motion in the cause to set aside the caveat decree presents questions of fact for the determination of the judge and not issues of fact for the determination of a jury.

**2. Same—**

Beneficiaries under a later will who have no interest in the estate except by virtue of such will may move to set aside the verdict and judgment probating a prior will in solemn form, notwithstanding they were not parties to the caveat proceeding, and when the executor under the prior will, who is the husband of the beneficiary under that will, is given notice and participates in the hearing, the court properly finds that all parties in interest had been notified and were properly before the court.

**3. Same— Evidence held to support finding that motion to set aside probate in solemn form was made with due diligence.**

A paper writing was probated in solemn form. Thereafter, beneficiaries under a later will, who had no interest in the estate except by virtue of the second paper writing, moved to set aside the verdict and judgment in the caveat proceeding. There was evidence to the effect that the later instrument was in a sealed envelope in the possession of one of the beneficiaries named therein, and that the envelope, still sealed, was delivered to caveator and placed by his attorney in the papers in the caveat proceeding. *Held:* The evidence supports the court's findings that the beneficiaries under the second paper writing had no knowledge of its contents until after the verdict in the caveat proceeding, and that their motion to set aside the verdict and judgment in the caveat proceeding, made upon their discovery of the contents of the second paper writing, was made with reasonable diligence.

**4. Wills § 12—**

A will probated in solemn form cannot be caveated a second time until and unless the judgment probating the will in solemn form is set aside in the original cause.

**5. Same;   Wills §§ 8, 25—**

Where the probate of a will in solemn form is set aside by the court upon the presentation by movants of a paper writing subsequently executed by testatrix, the effect of the decree setting aside the probate in solemn form is to reinstate the probate in common form, and the caveat filed by the beneficiaries under the second instrument transfers the cause to the Superior Court, and the Superior Court retains jurisdiction to determine the validity or invalidity of the second instrument, G.S. 31-32, notwithstanding the second instrument had not been first probated in common form.

MOORE, J., not sitting.

APPEAL by respondent from *Crissman, J.,* October Civil Session 1965 of DAVIE.

Blanche C. Burton died 24 April 1963. A paper writing dated 21 March 1959, signed by Blanche C. Burton and subscribed by three witnesses, was probated in common form as the will of Blanche C. Burton by the clerk of the Superior Court of Davie County on 10 May 1963. Pursuant to the provisions of said will, P. O. Hargett, the respondent herein, and his wife, Vivian J. Hargett, were the sole beneficiaries in said will.

A caveat signed by C. W. Bland, Sr., who was not an heir of Blanche C. Burton but had acquired the interests of certain heirs, was filed 3 August 1963. The issue of *devisavit vel non* was answered by a jury in favor of the propounders, and the said paper writing was probated in solemn form as the will of Blanche C. Burton by judgment entered at the April Civil Session 1964 of the Superior Court of Davie County.

Before the above caveat proceedings were terminated, C. W. Bland, Sr., the caveator, came into possession of a paper writing in the handwriting of the deceased, Blanche C. Burton, which paper writing was dated 17 September 1959, purporting to devise her real property to Vivian (Hargett), Berrie Lee Bailey, Franklin Bailey, Richard Bailey and Larry Bailey, Berrie, Franklin, Richard and Larry Bailey being sons of Clyde Bailey, who was an heir of Blanche C. Burton, and was made a party to the original caveat proceedings.

These sons were not parties to the caveat proceedings. Their father was then and still is living. There is no evidence tending to show that these sons ever had any knowledge that they were named beneficiaries in the purported will dated 17 September 1959, until after the termination of the caveat proceedings in April 1964.

On 23 October 1964, Berrie Lee Bailey filed what purports to be a caveat to the will of Blanche C. Burton which had been probated in solemn form and filed a motion in the Superior Court that he be

permitted to intervene in the original proceedings and have the validity of the will dated 17 September 1959 determined in the original caveat proceedings. A copy of the will probated in common and solemn form, dated 21 March 1959, and a copy of the purported will dated 17 September 1959, were attached to the caveat and marked Exhibits A and B, respectively.

On 5 August 1965, Berrie Lee Bailey moved through his counsel that the court set aside and vacate the verdict and judgment entered at the April Session 1964 of the Superior Court of Davie County.

The court entered an order allowing Berrie Lee Bailey to intervene in the proceedings and ordered that the motion to set aside the previous verdict and judgment be heard at the beginning of the next session of the Superior Court of Davie County.

At the October Session of said court the matter came on for hearing, the court heard evidence, found the facts and entered an order vacating the verdict and judgment entered at the April Session 1964 of the Superior Court of Davie County, and further ordered the caveat theretofore filed by Berrie Lee Bailey transferred to the Civil Issue Docket for trial. The respondent, P. O. Hargett, who was named executor in the probated will of Blanche C. Burton, appeals, assigning error.

*William E. Hall for respondent appellant.*
*Peter W. Hairston for movant appellee.*

DENNY, E.J.  The appellant assigns as error finding of fact No. 1, to the effect that all parties in interest hereto have been "properly notified and are properly before this court."

It appears the order entered in the Superior Court at the 2 August Session 1965 of Davie County included the following: "That the parties in this cause be notified of this order, and further, that the following persons who may be interested under the will tendered by the said Berrie Lee Bailey, *viz:* Richard Bailey, Franklin Bailey and Larry Bailey, be notified of the said order and that the matter be placed at the head of the calendar for trial at the next session of the Superior Court of Davie County * * * to determine whether or not the motion to set aside the verdict and judgment heretofore entered in this matter should be allowed."

When the matter came on for hearing at the October Session 1965 of the Superior Court of Davie County, Berrie Lee Bailey, Franklin Bailey, Richard Bailey and Larry Bailey were represented by counsel, and P. O. Hargett, the executor under the probated will of Blanche C. Burton dated 21 March 1959, was represented by

counsel. The witnesses tendered by the movants were examined and cross-examined by the counsel for the respective parties, and the purported will dated 17 September 1959 was introduced in evidence. This hearing involved only the setting aside of the verdict and judgment entered at the April Session 1964 of the Superior Court of Davie County. *In re Will of Cox,* 254 N.C. 90, 118 S.E. 2d 17. At the time the motion was made to set aside the verdict and judgment entered at the April Session 1964, probating the will dated 21 March 1959 in solemn form, no one had any interest in this cause except the executor, P. O. Hargett, and his wife, Vivian J. Hargett, and the movants. There is no contention that Vivian J. Hargett did not know of the pending motion. Moreover, her husband, P. O. Hargett, who is executor under the probated will, which the movants seek to caveat, was represented by counsel at the hearing in August 1965 and at the hearing in October 1965 when the verdict and judgment probating the will in solemn form were set aside.

Under our decisions " '* * * (T)he grounds upon which a decree probating a will may be set aside, except in so far as they may be affected by statute, or the nature of the case, are in general the same as those available against other judgments. * * *

" 'The proceedings for relief must be taken in the court in which the will was probated * * *. The procedure employed in this class of cases follows the rules governing judgments generally in similar cases, except as it may be affected by some special statutory provision, both as to the nature of the application and the time within which it should be made. * * * (N)or should the application be made by filing a caveat, but is ordinarily by motion or its equivalent rather than by petition, though as to this matter necessary showing may be proper. * * *' " *In re Will of Cox, supra.*

In *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567, this Court said: "The motion made in the original action to set aside the judgment * * * presented questions of fact and not issues of fact. It was for the judge to hear the evidence, find the facts and render judgment thereon. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311, and cases cited."

In our opinion this assignment of error is without merit and is overruled.

The appellant also assigns as error finding of fact No. 6, as follows:

> "6. That the moving parties herein, and especially Berrie Lee Bailey, had no notice of the existence of a paper writing under which they might claim any rights in the estate of the said Blanche C. Burton, deceased, that they had no interest in the prior proceedings before his Honor, Judge Armstrong, and

IN RE WILL OF BURTON.

that they moved with reasonable diligence following notice of the said existence of the said paper writing. That they knew of the proceedings but they would have had no interest in the estate of the said Blanche C. Burton, deceased, except by virtue of the paper writing herein referred to. That they were not parties to the said proceedings and took no part in its conduct."

The appellant contends there is no evidence upon which to base the foregoing finding of fact. We do not concur in this contention. The evidence tends to show that the paper writing dated 17 September 1959 is in the handwriting of Blanche C. Burton, that it was sealed in an envelope by her and delivered to Clarence Bailey some time before her death, with instructions to keep it and not open it until after she passed away; that Clarence Bailey, after his aunt's death, delivered the envelope and its contents to C. W. Bland, Sr., the caveator of the first purported will. Clarence Bailey had conveyed all his right, title and interest in Blanche C. Burton's estate to C. W. Bland, Sr. Bland, after reading the paper writing dated 17 September 1959, asked permission to show it to his lawyer; he was permitted to do so, and his lawyer placed it among the papers in his file in the caveat proceedings, and the beneficiaries under the second purported will never knew the contents of said paper writing until after the pending caveat proceedings had been concluded and judgment entered. In the caveat proceeding filed by C. W. Bland, Sr., these movants had no interest whatever, they were not interested parties within the meaning of our probate laws. They became interested parties only after the paper writing dated 17 September 1959 was discovered and its contents became known to them. This assignment of error is overruled.

When a will is probated in solemn form it cannot be caveated a second time unless or until the verdict and judgment probating the will in solemn form is set aside upon a motion in the original cause, *In re Will of Cox, supra,* thereupon the will, if it was first probated in common form, still stands as the last will and testament until declared void in a direct proceeding in the nature of a caveat. G.S. 31-32; *In re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488, and cited cases.

G.S. 31-5.1 provides in pertinent part as follows: "A written will, or any part thereof, may be revoked only (1) By a subsequent written will or codicil or other revocationary writing executed in the manner provided herein for the execution of written wills. * * *"

The appellant assigns as error and contends that the court below erred in ruling "that the said paper writing (the one dated 17 September 1959) is in form sufficient to constitute the last will and testament of Blanche C. Burton."

We do not deem it necessary to consider this assignment of error except to say that we express no opinion upon the merits of this controversy. The validity or invalidity of the will dated 17 September 1959 should be determined in a caveat proceeding in the Superior Court. G.S. 31-32; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *In re Will of Ellis,* 235 N.C. 27, 69 S.E. 2d 25; *Wells v. Odum,* 205 N.C. 110, 170 S.E. 145; *Etheridge v. Corprew,* 48 N.C. 14.

It is said in Wiggins, North Carolina Wills, etc., Probate, sec. 113, p. 335, *et seq:*

"A troublesome question which arises out of holding that a will previously admitted to probate must be set aside before the second will can be admitted to probate concerns the procedure to be followed once the first will is set aside. In North Carolina the clerk of the superior court is vested with exclusive original jurisdiction over the probate of wills. The superior court cannot, except upon the issue of *devisavit vel non* duly raised by a caveat, decide whether the instrument offered for probate is the last will of the deceased. If the first will is set aside, it is because there is a finding that the second instrument revoked the first, expressly or by implication. Is such a finding sufficient to constitute probate of the second will, *i.e.,* can the caveators as a part of the probate proceeding offer to probate the second will, or must the second instrument first be offered for probate in the office of the clerk of the superior court? While it has generally been held that a will must first be offered for probate in the office of the clerk of the superior court, since he has exclusive original jurisdiction over the probate of wills, there is authority ·to the effect that a second will can be offered for probate in solemn form as a part of the caveat proceeding of the first will. Also, it has been held that the superior court could take jurisdiction over the probate of a second will where the caveators, prior to the first will's being set aside, informed the clerk of the superior court of the existence of a will and requested that it be admitted to probate." Citing *In re Marks' Will,* 259 N.C. 326, 130 S.E. 2d 673; *In re Belvin's Will,* 261 N.C. 275, 134 S.E. 2d 225.

In the case of *In re Will of Charles,* 263 N.C. 411, 139 S.E. 2d 588, Higgins, J., speaking for the Court, said: "When a caveat is filed the Superior Court acquires jurisdiction of the whole matter in controversy. (Citations omitted.) Any other script purporting to be the decedent's will should be offered and its validity determined in the caveat proceeding. *In re Will of Belvin,* 261 N.C. 275, 134 S.E. 2d 225; *In re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488."

The court below having ordered the caveat theretofore filed by Berrie Lee Bailey transferred to the civil issue docket for trial, the judgment entered below is

Affirmed.

MOORE, J., not sitting.