IN THE MATTER OF: THE LAST WILL AND TESTAMENT AND FIRST CODICIL OF SALLIE B. ASHLEY

No. 7421SC710

(Filed 2 October 1974)

1. Wills § 16— standing to caveat

The only persons with standing to caveat a will are persons either entitled under such will or interested in the estate. G.S. 31-32.

2. Wills § 16— caveator — pecuniary interest required

Under a statute which permits the contest of wills by persons interested or claiming to be interested in decedent's estate, the general

In re Ashley

rule is that a contestant must have some pecuniary or beneficial interest in the estate that is detrimentally affected by the will.

**3. Wills § 16— no pecuniary interest by caveators**

Caveators who were nieces, nephews, grandnieces and grandnephews of testatrix did not have a pecuniary interest in deceased's estate where they did not contest the validity of the will which devised and bequeathed property to the North Carolina Baptist Homes, Inc., but they did contest a codicil which revoked the provisions of the Baptist Homes and instead gave the property to four nieces and one nephew.

**4. Wills § 13— caveat — in rem proceeding — parties determined by statute**

A caveat is an *in rem* proceeding with parties being limited classes of persons specified by the statute who are given the right to participate in the determination of probate of testamentary script; it is for the trial judge to determine who fits the statutory description.

APPEAL by caveators from *McConnell, Judge,* 14 May 1974 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals on 29 August 1974.

On 28 August 1973, paper writings, dated 25 November 1964 and 28 April 1972 respectively, purporting to be the Last Will and Testament and First Codicil of said Will of Sallie B. Ashley, were admitted to probate in common form in the office of the Clerk of Superior Court of Forsyth County. On 5 October 1973, the caveators, nieces, nephews, grandnieces and grandnephews of the testatrix, filed this proceeding to caveat said Will and First Codicil. The caveators alleged that the said purported Will and First Codicil were not signed by Sallie B. Ashley, that they were not executed in accordance with the law, that her purported signatures were obtained by fraud and duress, that the Will and Codicil were obtained by undue influence, and that Sallie B. Ashley lacked mental capacity to make the Will and First Codicil.

The caveators further alleged that "their rights will be affected to their prejudice by the probation of said instruments as the Last Will and Testament and First Codicil."

In the paper writing dated 25 November 1964, purporting to be her Last Will and Testament, Sallie B. Ashley, after providing for the payment of all her debts, funeral expenses, the costs of the administration of her estate, and after making specific bequests to Swaim's Baptist Church in Yadkin County and Clemmons Baptist Church, Clemmons, North Carolina, de-

vised and bequeathed by Article IV of said Will, "all the rest of my property, both real and personal, of every sort, kind and description which is not necessary to carry out the provisions of the foregoing Articles of this Will, to the NORTH CAROLINA BAPTIST HOMES, INC., absolutely and in fee simple."

Article V of the purported Will reads as follows:

"I make the foregoing disposition of my property to charitable institutions not because I do not feel affection for my blood relatives, but because I feel that they are well cared for. I feel that the uses to which my property will be put will do the greatest good for the greatest number."

In the paper writing dated 28 April 1972 purporting to be a First Codicil to her Last Will and Testament, Sallie B. Ashley undertook to revoke Articles IV and V of her Will and, in lieu thereof, provide the following:

"ARTICLE IV. I do hereby devise and bequeath all the rest and remainder of my property not necessary to satisfy the provisions of ARTICLES I through III of my said will to my nieces, MRS. FRED (BEULAH) SHOAF; MRS. JAMES (LULA) WHITE; MRS. ZENO (CHARLIE MAE) BROWN; and MRS. LEE ROY (MARY NELL) REAVIS, and to my nephew, FRED HUTCHENS, all of Forsyth County, North Carolina, share and share alike. If any of my said nieces or my nephew pre-deceases me, then I desire that the share which she or he would have taken under the provisions of this paragraph go to his surviving issue. If any of my said nieces or my nephew dies without surviving issue, then I desire that the share which such predeceasing niece and nephew would have taken be divided equally among those of my said nieces and nephew who do survive me, or their surviving issue, share and share alike.

ARTICLE V. By not leaving any of my property to my other nieces and nephews I do not mean to imply any lack of love or affection for them, but the ones I have named in my will have been close to me and most helpful to me. For that reason I choose to remember them in this fashion."

On 14 May 1974, the North Carolina Baptist Homes, Inc., filed a response to the caveat wherein it denied the material allegations of the caveat insofar as it related to the validity of

the Will, admitted the allegations insofar as the caveat related to the validity of the First Codicil, and prayed:

"1. That the Last Will and Testament of the said Sallie B. Ashley, dated November 25, 1964, be declared a good and valid Will, and the same probated as by law provided;

2. That the Codicil to the Last Will and Testament of the said Sallie B. Ashley, dated April 28, 1972, be declared invalid."

When this proceeding came on for trial in the superior court, the caveators entered the following stipulation:

"It is stipulated that the caveators do not contest the execution or the genuineness of the 1964 will and do not contend that the same was procured by fraud, undue influence, or otherwise, and make no contention with respect to the mental capacity of the testator in 1964.

And with respect to the 1972 codicil, do not contend that the same was not signed according to law, but do contend that it was procured by undue influence and do contend that Sallie Ashley did not have testamentary capacity as of April 28, 1972."

After the caveators had entered the foregoing stipulation, the propounders made a motion that the caveators be dismissed as parties to this proceeding. The trial judge allowed the motion and entered an order which in pertinent part provides:

"[A]nd it appearing on the face of the pleadings and from the stipulation that the caveators do not have and would not have any pecuniary interest in the estate of Sallie B. Ashley whether they were successful or not successful in their contentions;

Now, Therefore, it is hereby Ordered, Adjudged and Decreed that the caveators . . . are dismissed as parties to this proceeding.

It is further Ordered that this Order is without prejudice to whatever rights may exist as to any other person or corporation which might have a pecuniary interest in the Estate of Sallie B. Ashley. It is further Ordered that this cause is retained for further disposition of all remaining issues."

In re Ashley

The caveators appealed.

*Hudson, Petree, Stockton, Stockton & Robinson by J. Robert Elster and Robert J. Lawing for propounder appellees.*

*White and Crumpler by James G. White and Michael J. Lewis for caveator appellants.*

*No counsel on appeal for North Carolina Baptist Homes, Inc.*

HEDRICK, Judge.

The caveators contend the trial court erred in dismissing them as parties to this proceeding.

G.S. 31-32 in pertinent part provides:

"§ 31-32. When and by whom caveat filed.—At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, *or interested in the estate,* may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will . . . . " (Emphasis added.)

[1] As can be seen from this statute, the only persons with standing to caveat a Will are persons either (1) "entitled under such will" or (2) "interested in the estate". None of the appellants are named in the Will or Codicil, and they do not contend that they are "entitled" under the Will or Codicil. The crucial question, therefore, is whether they are persons "interested in the estate".

[2] "Under statutes which permit the contest of wills by persons interested or claiming to be interested in the decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate of the decedent that is detrimentally affected by the will." 57 Am. Jur., Wills, § 798, p. 541 (footnotes omitted). In Page on Wills, we find the following:

"An 'interested person' or an 'aggrieved person' is one who has a direct pecuniary interest in the estate of the alleged testator which will be defeated or impaired if the instrument in question is held to be a valid will." 3 Page on Wills, § 26.52, p. 118 (footnotes omitted).

In re Ashley

It is well settled that North Carolina follows this generally accepted definition of a person "interested in the estate". See *In re Thompson,* 178 N.C. 540, 101 S.E. 107 (1919).

[3]    In the present case, the caveators filed a "broadside" caveat before the Clerk as to both the Will and Codicil and the cause was transferred to the superior court for trial. The position taken by the caveators at that time did allege a pecuniary interest as required by the statute, in that if the Will and Codicil were both invalidated, they would share in the estate as intestate heirs. Prior to trial, however, this position was destroyed by the caveators' own stipulation that they did not contest the validity of the Will, which meant that even if they successfully invalidated the Codicil they still would receive no pecuniary benefit from the estate. By that time, North Carolina Baptist Homes, Inc., had responded in the superior court. It adopted the caveators' position with regard to the Codicil, but it likewise agreed that there was no contest as to the Will. Because of the appearance of North Carolina Baptist Homes, Inc., and the position taken by it, this cause will still have to be submitted to the jury on the issue of *devisavit vel non.*

[4]    A caveat is an *in rem* proceeding. The "parties" are not parties in the usual sense but are limited classes of persons specified by the statute who are given a right to participate in the determination of probate of testamentary script. It was for the trial judge to determine what persons fit the statutory description, and it was determined that the appellants did not. See *In re Will of Belvin,* 261 N.C. 275, 134 S.E. 2d 225 (1964) ; *In re Will of Brock,* 229 N.C. 482, 50 S.E. 2d 555 (1948).

Just because a person files a caveat, he is not thereby vested with permanent standing to participate in the proceedings. The order appealed from is

Affirmed.

Judges BRITT and BALEY concur.