IN THE MATTER OF THE WILL OF MACK BUNCH, DECEASED

No. 8714SC96

(Filed 21 July 1987)

**Bastards § 13; Wills § 16— child not properly legitimated—no right to file caveat**

   The trial court properly granted summary judgment for the propounder of a will on the ground that caveator had no legal standing to contest the validity of the will where caveator claimed to be the illegitimate daughter of testator, but testator never substantially complied with the provisions of N.C.G.S. § 29-19(b) by acknowledging in a written instrument executed or acknowledged before a proper certifying officer that he was caveator's father.

APPEAL by caveator from *Lake, Judge.* Order entered 10 October 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 June 1987.

On 11 June 1985 Mack Bunch died leaving a writing that has been probated in common form as his Last Will and Testament. Dorothy E. Faison filed a caveat in which she alleged that she is the testator's daughter and thus has a legal interest in his estate, and that his purported will, which does not mention her, was invalid for several reasons. The executrix under the will, as propounder, denied the material allegations of the caveat and moved for summary judgment on the ground that the caveator has no legal standing to contest the validity of the will. Following a hearing at which affidavits and exhibits were presented by both parties an order was entered granting the propounder's motion. The evidence presented at the hearing shows without dispute that: The caveator is the illegitimate daughter of the testator and he orally acknowledged that fact to her and several others on many occasions; Mack Bunch never adopted the caveator, never married her mother, and never brought a special proceeding under G.S. 49-10 to legitimate her. Other evidence offered as proof that Mack Bunch formally acknowledged his parentage of the caveator in compliance with the provisions of G.S. 29-19(b) will be discussed in the opinion.

   *Randall, Yaeger, Jervis & Stout, by Robert B. Jervis, for caveator appellant.*

   *C. C. Malone, Jr. for propounder appellee.*

PHILLIPS, Judge.

As the caveator recognized in the court below and concedes here: In this state except as authorized by statute an illegitimate child has no legal right to share in the estate of its father; in view of the facts stated above the only statute that could possibly grant her that right is G.S. 29-19(b). This statute states that an illegitimate child may succeed to the estate of:

> Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.

Thus, the only question raised by this appeal is whether the court erred in ruling that the affidavits, exhibits and other materials presented at the hearing on propounder's motion, when viewed in the most favorable light for the non-movant caveator, did not tend to show that her father, Mack Bunch, substantially complied with those provisions. Other than the established facts above stated caveator's evidence only tends to show that: Caveator's original North Carolina birth certificate states that she was born in Wake County on 10 June 1939, that her mother was Beatrice Hicks and her father was Earl Mac Hicks, whose whereabouts and occupation were then unknown. Caveator moved to New York in 1965 and while there her father took steps to get her birth certificate amended to show that she was his daughter; he sent her a North Carolina "Birth Certificate Amendment Application" form, which she had her mother, who lived in the Bronx, fill in and sign. And after the form was completed and signed by her mother the caveator sent it to her father. In that application, Ms. Hicks stated in substance that: She was unmarried when the child was born; when the child was just a baby she gave her to Mildred Bunch (the mother of the testator), and the child thereafter lived in Raleigh with Mrs. Bunch and always used the surname of Bunch; and all her records were in that name. A space on the application form designated "Name of Father" had "Earl Mac Hicks" typed in it; a space identified as Item 9 and designated "Item(s) Wrong Or Missing (At Time of Birth)" contains the words

"Mack Bunch" in the handwriting of Mack Bunch; and a space identified as Item 10 and designated "Facts As They Should Have Been Stated At The Time of Birth," has the name "Dorothy Bunch" typed in. At the end of the application, Ms. Hicks signed and solemnly swore before a New York Notary Public that: "(1) [She had] personal knowledge of the correctness of the statement made in this application; (2) That the facts listed under Item 9 of this application were incorrectly stated or omitted *at the time of birth*; (3) That the amendment specified under Item 10 of this application will change the original record so as to make it reflect the true facts *as they existed at the time of birth*." (Emphasis in original.) Upon Mack Bunch receiving the application he submitted it to the Office of Vital Statistics of the North Carolina Board of Health and on 6 December 1965 the caveator's original birth certificate was amended to change her surname from Hicks to Bunch. But Mack Bunch is not listed anywhere in the application as an applicant, nor did he sign the application before any of the certifying officers referred to in G.S. 52-10(b) (notary public, justice, judge, magistrate, clerk, assistant clerk or deputy clerk of the General Court of Justice).

The application does not meet the requirements of G.S. 29-19(b) and we affirm the dismissal of caveator's case. It contains no statement by Mack Bunch or anyone else that he was the father of the child; and even if his signature in the blank space involved could be construed to be an unambiguous acknowledgment of paternity, which it cannot, he did not swear to it before any official authorized to administer oaths, as the statute expressly requires. For that matter, the application does not even show that its purpose was to establish that Mack Bunch was the caveator's father; the only reason stated in it for changing the child's name was that she had lived with Mrs. Bunch and gone by that name since she was a baby. Thus, while Mack Bunch may very well have intended to formally acknowledge his paternity of the caveator, it cannot be deduced that he in fact ever did so in the manner that the statute requires.

Affirmed.

Judges WELLS and ORR concur.