IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-283

No. COA21-441

Filed 3 May 2022

Harnett County, No. 19 E 140

IN THE MATTER OF THE

PURPORTED WILL OF

JOHN MARK MOORE, Deceased.

Appeal by Propounder from orders entered 20 April 2021 by Judge Keith O. Gregory and 10 May 2021 by Judge C. Winston Gilchrist in Harnett County Superior Court. Heard in the Court of Appeals 9 March 2022.

*Robinson, Bradshaw & Hinson, P.A., by Matthew W. Sawchak, Ethan R. White, and Brendan P. Biffany, for Alfreda Matthews, Propounder-Appellant.*

*Buzzard Law Firm, by Robert A. Buzzard and Tracy Berry, for Diana McDougald, Caveator-Appellee.*

COLLINS, Judge.

Propounder Alfreda Matthews appeals from orders granting summary judgment and denying relief from judgment regarding a caveat to the will of decedent, John Mark Moore. Matthews argues that the trial court lacked subject matter jurisdiction over the proceedings because Caveator Diana McDougald lacks standing. Because McDougald is not a person with a legal interest in Moore's estate, she lacks standing. Because standing is a prerequisite to subject matter jurisdiction, the trial

court lacked jurisdiction over the proceedings. We accordingly vacate the trial court's orders and remand for dismissal of McDougald's caveat.

## I.    Background

Moore executed a will in late 2018, naming Matthews, his sister, as his Executor. The will devised Moore's real and personal property to Matthews for life, and then to his niece, Matthews's daughter, upon Matthew's death. Moore passed away on 30 January 2019.

Matthews initiated probate proceedings on 14 June 2019 in the superior court division before the clerk of court. Moore's will was probated in common form and Letters Testamentary were issued to Matthews. McDougald filed a caveat to the will on 16 July 2019, alleging that she is Moore's "only biological child" and that his will is invalid because (1) it "was not witnessed by two witnesses as required by [North Carolina] law" and (2) it was "procured by [Matthews'] undue influence." The assistant clerk of superior court ordered the proceeding transferred to superior court.

On 19 August 2020, while Matthews was proceeding pro se, McDougald served Matthews with discovery requests, including requests for admission. Matthews retained counsel in October 2020, after the 21 September 2020 discovery deadline had expired. Matthews never responded to the discovery requests.

On 25 November 2020, McDougald filed a motion for summary judgment, arguing that because Matthews had failed to respond, all requests for admissions

were deemed admitted, including admissions that "Diana McDougald is the biological daughter of John Mark Moore" and "Diana McDougald is the only biological child of John Mark Moore." In opposition to McDougald's motion for summary judgment, Matthews submitted an affidavit denying McDougald's alleged relationship to Moore, as well as McDougald's birth certificate that did not list a father. Because the discovery deadline had passed and Matthews had failed to respond to the discovery requests, the trial court determined the requests for admissions should be deemed admitted. After concluding that no issue of material fact exists, the trial court granted summary judgment for McDougald. Matthews moved for relief from judgment; her motion was denied. Matthews timely filed this appeal.

## II.    Discussion

Matthews argues that the trial court lacked subject matter jurisdiction over the proceedings because McDougald is not a person legally interested in Moore's estate, and therefore McDougald lacks standing to file a will caveat in this matter. We agree.

### A. Standard of Review

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction, and is a question of law which this Court reviews de novo." *Cherry v. Wiesner*, 245 N.C. App. 339, 345, 781 S.E.2d 871, 876 (2016) (citation and quotation marks omitted). "[T]he issue of a court's jurisdiction over a matter may be

raised at any time, even for the first time on appeal or by a court sua sponte." *Carpenter v. Carpenter*, 245 N.C. App. 1, 8, 781 S.E.2d 828, 835 (2016) (citation and quotation marks omitted). "The party invoking jurisdiction has the burden of establishing standing." *Templeton v. Town of Boone*, 208 N.C. App. 50, 53, 701 S.E.2d 709, 712 (2010).

**B. Standing**

¶ 8    "Standing to sue means simply that the party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 140, 544 S.E.2d 821, 824 (2001) (citations and quotation marks omitted). The parties in a caveat proceeding "are limited classes of persons specified by the statute who are given a right to participate in the determination of probate of testamentary script." *In re Ashley*, 23 N.C. App. 176, 181, 208 S.E.2d 398, 401 (1974).

¶ 9    According to the applicable statute, any person "interested in the estate" may file a caveat within three years after the will is submitted for probate. N.C. Gen. Stat. § 31-32(a) (2020). A person interested in the estate "has a direct pecuniary interest in the estate of the alleged testator which will be defeated or impaired if the instrument in question is held to be a valid will." *In re Estate of Phillips*, 251 N.C. App. 99, 105, 795 S.E.2d 273, 279 (2016) (citation omitted). Two categories of people meet this criteria and consequently have standing to bring a caveat: (i) those who

would take under a different will, and (ii) those who would take under the intestacy statutes. *Id.*; *see also In re Will of Bunch,* 86 N.C. App. 463, 464, 358 S.E.2d 118, 118-19 (1987).

¶ 10 McDougald does not allege, and no evidence in the record shows, that Moore had a prior will. Accordingly, McDougald could only be legally interested in Moore's estate if she qualified to take from Moore through intestate succession. *See Phillips,* 251 N.C. App. at 105, 705 S.E.2d at 279.

¶ 11 North Carolina General Statute § 29-15 governs the shares of persons, other than a surviving spouse, who survive the intestate and take upon intestacy, including natural, legitimate children. N.C. Gen. Stat. § 29-15 (2020). In North Carolina, "[a]bsent a statute to the contrary," a child born out of wedlock "has no right to inherit" from her putative father. *Helms v. Young-Woodard,* 104 N.C. App. 746, 749, 411 S.E.2d 184, 185 (1991).

¶ 12 North Carolina General Statute § 29-19(b) provides that a child born out of wedlock may take from a putative father only if one of the following conditions has been satisfied:

> (1) Any person who has been finally adjudged to be the father of the child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;
>
> (2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of the child in a written instrument executed or acknowledged

before a certifying officer named in G.S. 52-10(b) and filed
during his own lifetime and the child's lifetime in the office
of the clerk of superior court of the county where either he
or the child resides.

(3) A person who died prior to or within one year after the
birth of the child and who can be established to have been
the father of the child by DNA testing.

N.C. Gen. Stat. § 29-19(b) (2020).  If a person is born out of wedlock, and none of these statutory conditions is satisfied, she has no legal right to take from her putative father through intestate succession.  *See id.; see also Hayes v. Dixon*, 83 N.C. App. 52, 54, 348 S.E.2d 609, 610 (1986).

¶ 13     In this case, McDougald alleged in her caveat that she is "the biological daughter of the Decedent and the only biological child of the Decedent."  Furthermore, the record contains the following requests for admissions, which were deemed admitted by Matthews: "1. Admit that Diana McDougald is the biological daughter of John Mark Moore. . . .  2. Admit that Diana McDougald is the only biological child of John Mark Moore."  However, the record contains no pleading and no evidence that Moore and McDougald's mother were married to each other when McDougald was born or that any of the conditions in N.C. Gen. Stat. § 29-19(b) have been satisfied.

¶ 14     The record contains evidence to the contrary.  McDougald's birth certificate lists no father.  The Family History Affidavit filed by Matthews with Moore's will asserts that Moore was never married.  In Matthews' affidavit in opposition to

summary judgment she averred:

> C. The Plaintiff/Caveator is not the biological daughter of the decedent. The natural mother of the Plaintiff/Caveator and the Decedent were not married at the time of the Plaintiff/Caveator's birth as the attached copy of the birth certificate of the Plaintiff/Caveator does not indicate the name of the natural father of the Plaintiff/Caveator.
>
> D. The Decedent did not establish paternity through an affidavit of parentage or in any court action during his lifetime.
>
> E. The Decedent never married the natural mother of the Plaintiff/Caveator after the child (Plaintiff/Caveator) was born.

¶ 15    Because McDougald's status as Moore's biological child is not sufficient, standing alone, to establish McDougald's right to take from Moore through intestate succession, McDougald is not a party legally interested in Moore's estate. As she is not a party who can assert a legal interest, even with the defaulted admissions, she has failed to establish standing to bring this caveat. As she has failed to establish standing to bring this caveat, the trial court lacked subject matter jurisdiction over the proceedings.

¶ 16    Relying on *Phillips*, McDougald argues that she need only be a "potential beneficiary" to challenge Moore's will. While McDougald correctly states the law, she has failed to establish that she is a potential beneficiary. In *Phillips*, in response to a caveat, the propounder introduced evidence of a prior will, that in addition to the will in question, did not list the caveator as a beneficiary. *Phillips*, 251 N.C. App. at

101, 795 S.E.2d at 276. Even though both wills would need to have been adjudged invalid for the caveator to take, the court found that she had standing because she had a right to take intestate as an heir. *Id.* at 106, 795 S.E.2d at 279-80. This made the caveator a "potential beneficiary" regardless of whether she would ultimately receive part of the deceased's estate. *Id.*

¶ 17    Here, McDougald has not alleged or introduced evidence to show that she could take under a different will than the one propounded by Matthews. Moreover, unlike the caveator in *Phillips*, McDougald has not shown under the statute that she could take from Moore through intestate succession. N.C. Gen. Stat. § 29-19(b). McDougald has thus not shown that she is a "potential beneficiary."

¶ 18    McDougald also argues that the court had subject matter jurisdiction because there are other potential heirs. However, while the court may have subject matter jurisdiction over will caveats generally, "standing relates not to the power of the court but to the right of the party to have the court adjudicate a particular dispute." *Cherry*, 245 N.C. App. at 346, 781 S.E.2d at 876. As McDougald failed to establish standing to bring this claim on her own behalf, the court lacked subject matter jurisdiction over her particular dispute in this case. *Cf. Hauser v. Hauser*, 252 N.C. App. 10, 17, 796 S.E.2d 391, 395 (2017) (determining that plaintiff did not have standing to bring suit on behalf of her mother despite diluted inheritance because plaintiff was not interested in the judgment).

In light of our holding, we do not address Matthews' remaining arguments.

### III.   Conclusion

Because McDougald is not a person legally interested in Moore's estate, she failed to establish standing.  Because standing is a prerequisite to subject matter jurisdiction, the trial court lacked jurisdiction over the proceedings.  We accordingly vacate the trial court's orders and remand for dismissal of McDougald's caveat.

VACATED AND REMANDED FOR DISMISSAL.

Judges DIETZ and TYSON concur.